# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

SEON D. DEABREU,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

    Defendant.

Civil Action No. TDC-18-1143

## MEMORANDUM OPINION

Plaintiff Seon Deabreu has filed a civil action against Defendant United Parcel Service, Inc. ("UPS") alleging that UPS discriminated against Deabreu on the basis of religion by harassing him about his religious practice and retaliated against Deabreu for contacting an attorney and filing a complaint with the United States Equal Employment Opportunity Commission ("EEOC") about the discrimination. Deabreu asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012). Presently pending before the Court is UPS's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, UPS's Motion is GRANTED.

## BACKGROUND

UPS delivers packages to customers throughout the United States. Deabreu is a Rastafarian and as a result of his religious beliefs wears his hair in dreadlocks, usually under a head covering known as a tam. He began working for UPS on January 1, 2003. His hair was covered by a tam when he interviewed for the position and when he began to work at UPS, such that his hair was

not visible. Initially, none of his co-workers or managers asked him about his hairstyle or tam. Deabreu was assigned to work at UPS's warehouse distribution facility in Laurel, Maryland and did not interact with or see customers. While working at the warehouse distribution center, he was promoted to the position of supervisor. Deabreu never received complaints regarding the quality and quantity of his work or his supervision of other employees. Occasionally, his co-workers and supervisors asked him about his hairstyle, and he informed them that he wore his hair in dreadlocks because of his religion.

On January 3, 2008, James Lott, a UPS manager, informed Deabreu that his dreadlocks and facial hair did not comply with UPS's appearance standards and that he had to comply with those standards. Lott could not explain to Deabreu how his hair and facial hair failed to meet those standards. UPS's Employee Handbook described the company's policies regarding employee conduct. The Employee Handbook's appearance standards identified acceptable hair and facial hair styles for employees who are drivers and who otherwise interact with customers. However, the Employee Handbook did not detail what appearance standards apply to employees at warehouse distribution facilities, who do not interface with customers. Specifically, it did not state that employees at the Laurel warehouse distribution facility could not wear their hair in dreadlocks.

When Deabreu told Lott that he wore his hair in dreadlocks because of his religious beliefs, Lott responded by questioning Deabreu about those beliefs in a manner that suggested that Lott did not believe Deabreu was "truthful" about his beliefs. Compl. ¶ 16, ECF No. 1. After this encounter, Lott gave Deabreu forms that would allow him to request a religious accommodation.

Deabreu then contacted an attorney, who sent a cease-and-desist letter to Lott on February 14, 2008 asking Lott to stop harassing Deabreu about his religion. Less than a month later, on March 12, 2008, UPS suspended Deabreu and prevented him from returning to work at the

warehouse facility. Deabreu then filed a discrimination complaint with the EEOC on March 17, 2008. UPS terminated Deabreu's employment on April 14, 2008. The next day, on April 15, 2008, the EEOC mailed to Lott at UPS the Notice of Charge of Discrimination filed by Deabreu. After conducting an investigation, the EEOC issued Deabreu a right-to-sue letter on October 17, 2008 and mailed it to him at 6017 Springhill Drive #302, Greenbelt, MD 20770 on the same day.

On June 22, 2016, Deabreu emailed Carol Glace, the EEOC investigator assigned to investigate his Charge of Discrimination in 2008, and requested a copy of his case file. Glace responded to Deabreu on the same day, informing him that his charge was closed on October 17, 2008 and that the file was destroyed in 2015 under the EEOC's record retention policy. On February 8, 2018, Deabreu again contacted Glace by email and requested a copy of the right-to-sue letter. Glace replied to Deabreu the next day, stating that the file had been destroyed and reminding Deabreu that they had had a similar conversation in 2016. On February 15, 2018, Deabreu contacted Rosemarie Rhodes, another EEOC employee, who told him by email that EEOC records stated that a right-to-sue letter had been sent to him on October 17, 2008, his file was destroyed in 2015, and he had spoken with Glace in June 2016 about the closure of his case. On February 16, 2018, Rhodes informed Deabreu by email that she could not reissue the right-to-sue letter to him.

On April 20, 2018, Deabreu filed his Complaint in this Court, alleging discriminatory harassment based on religion (Count One) and retaliation (Count Two) in violation of Title VII. Deabreu seeks compensatory and punitive damages and an injunction preventing UPS from discriminating against employees in this way in the future.

**DISCUSSION**

In its Motion, UPS seeks dismissal of all counts of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, Rule 56. First, UPS argues that Deabreu's suit is barred by the statute of limitations because it was filed more than 90 days after the EEOC issued a right-to-sue letter to Deabreu. Second, UPS asserts that the doctrine of laches bars consideration of the suit, because Deabreu did not act diligently in pursuing his claims and UPS was prejudiced as a result. Next, UPS argues that Deabreu has failed to exhaust administrative remedies relating to his retaliation claim, as required by Title VII. Finally, UPS contends that Deabreu has failed to state a plausible claim for retaliation.

**I.  Legal Standard**

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Courts may consider facts and documents subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds, Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015). "Under this exception, courts may consider 'relevant facts obtained from the

public record,' so long as these facts are construed in the light most favorable to the plaintiff along with the well-pleaded allegations of the complaint." *Id.* (quoting *B.H. Papasan v. Allain*, 578 U.S. 265, 283 (1986)). The Court therefore takes judicial notice of the official filings of the EEOC to the extent that they reflect the dates of the EEOC determinations and accompanying notices. *See* Mot. Dismiss Ex. 1-A, J.R.004; Ex. 1-B, J.R.006–009, ECF No. 20-1.

In support of its Motion to Dismiss or, in the Alternative, for Summary Judgment, UPS has submitted 33 pages of exhibits. Deabreu attached 35 pages of exhibits to his memorandum in opposition to the Motion. Generally, courts must treat a Rule 12(b)(6) motion as a motion as a motion for summary judgment where matters outside the pleadings are considered and not excluded. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some indication that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment, and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted). The notice requirement is not onerous, requiring only that the nonmoving party be aware that material outside the pleadings is pending before the Court. *Id.* Here, the notice requirement is met because UPS titled its Motion as seeking, in the alternative, summary judgment and attached exhibits to the Motion.

To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must file an affidavit or declaration under Rule 56(d) explaining why "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). *See Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 245 (4th Cir. 2002); *Hamilton v. Mayor & City*

*Council of Balt.*, 807 F. Supp. 2d 331, 341 (D. Md. 2011). Deabreu has not filed a Rule 56(d) affidavit requesting additional discovery. However, given Deabreu's self-represented status, the Court will not consider the lack of such an affidavit dispositive on this issue. Rather, the Court notes that examination of the parties' submissions shows that there is no dispute regarding the relevant record and only limited factual disputes. Many of Deabreu's exhibits are the same as the ones UPS attached to its Motion. In his Opposition, Deabreu agrees that he contacted the EEOC because he had not heard from them and that the EEOC informed him that his case had been closed in 2008. Deabreu also agrees that he later contacted the EEOC again and requested that the EEOC send him a copy of the right-to-sue letter or reissue it. Deabreu states that a Director at the EEOC told him that he could file a claim in court without the letter. Deabreu provides copies of his email communications with the EEOC, which confirm that he corresponded with the EEOC on June 22, 2016 and again in February 2018. This sequence of events matches the facts set forth by UPS and in its submissions. Thus, there is no apparent need for additional discovery. The Court will therefore consider the parties' exhibits and construe UPS's filing as a motion for summary judgment under Federal Rule of Civil Procedure 56.

Under Rule 56, the Court grants summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477

U.S. at 248. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248-49.

**II.    Statute of Limitations**

In his Complaint, Deabreu alleges that UPS discriminated against him by harassing him about his religion and retaliated against him for contacting an attorney and the EEOC about this harassment. Title VII prohibits employers from discriminating against employees because of the employee's religion. 42 U.S.C. § 2000e-2(a). Before suing in federal court, a prospective Title VII plaintiff must first file an administrative charge with the EEOC or an appropriate state or local agency. *Id.* § 2000e-5(b), (f)(1); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 508–09 (4th Cir. 2005). If the EEOC declines to take action on the charge, it issues a "right-to-sue letter" informing the plaintiff of its decision and the opportunity to file suit. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(b)(3) (2018). The plaintiff then has 90 days following the receipt of this letter to file suit. 42 U.S.C. § 2000e-5(f)(1). This deadline is not jurisdictional but is instead treated as a statute of limitations subject to equitable tolling. *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 347, 353–54 (1983); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987); *Weathersbee v. Balt. City Fire Dep't*, 970 F. Supp. 2d 418, 426–27 (D. Md. 2013).

The limitations period starts when the right-to-sue letter is delivered to the plaintiff's home, not when the plaintiff actually receives it. *Harvey*, 813 F.2d at 654. If there is no evidence regarding when the plaintiff received the right-to-sue letter, the court presumes receipt three days after it was mailed, pursuant to Federal Rule of Civil Procedure 6(d). *Weathersbee*, 970 F. Supp. 2d at 427; *see also Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984); *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446 at *3 (4th Cir. 1999) (unpublished).

However, "district courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." *Harvey*, 813 F.2d at 654; *see also Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993).

On October 17, 2018, the EEOC mailed the right-to-sue letter to Deabreu at his stated address at Springhill Drive #302, Greenbelt, MD 20770. Although the Court would ordinarily presume that Deabreu received the right-to-sue letter on October 20, 2008, *see* Fed. R. Civ. P. 6(d), Deabreu asserts that he did not receive the letter. The Court need not resolve this factual dispute. Even assuming that Deabreu never received the letter sent in 2008, after Deabreu contacted the EEOC in 2016, he was informed by email on June 22, 2016 that the right-to-sue letter had issued and that his case had been closed. Deabreu nevertheless did not file a complaint in federal court until April 20, 2018, 22 months after he received actual notice of the right-to-sue letter from the EEOC. Because he commenced this action long after the 90-day window had expired under any measure, Deabreu's complaint against UPS is time-barred. 42 U.S.C. § 2000e-5(f)(1); *see Baldwin Cty. Welcome Ctr.*, 466 U.S. at 151.

The Court finds that no grounds exist for equitable tolling. First, regardless of whether Deabreu actually received the October 17, 2008 right-to-sue letter, there are compelling reasons to believe that any failure of the letter to reach him was due to his own lack of diligence. Although Deabreu suggests that he did not receive the right-to-sue letter because he moved in March 2008, Deabreu states that he moved to 6017 Springhill Drive #302, Greenbelt, MD 20770 and remained there until March 2010. That is the same address that he provided on his Charge of Discrimination and to which the EEOC mailed the right-to-sue letter. Therefore, EEOC did not mail the letter to the wrong address. To the extent that Deabreu would have been more easily reached at some other address, he was under the obligation to provide the EEOC with notice of any change of address.

29 C.F.R. § 1601.7(b). The Charge of Discrimination signed by Deabreu informed him of this requirement. If he failed to do so, the doctrine of equitable tolling may not apply to extend the deadline. *Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir. 1983).

Second, even if the letter were somehow lost, Deabreu failed to make any inquiry about his case for over seven years, from 2008 until 2016. Deabreu's extraordinarily long delay both in contacting the EEOC to inquire about his claim and in filing the case reveals a lack of diligence in pursuing his claims that weighs against equitable tolling. *See Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280 (4th Cir. 2000); *Jeffries v. Chi. Transit Auth.*, 770 F.2d 676, 680 (7th Cir. 1985) (finding inexcusable delay where the plaintiff did not contact the EEOC to inquire about his complaint for nine years); *see also Baldwin Cty. Welcome Ctr.*, 466 U.S. at 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

Third, Deabreu's claim that he delayed in filing his case because he was attempting to retain an attorney does not provide a basis for equitable tolling. The fact that a plaintiff is self-represented is not an independent ground for equitable tolling, since a plaintiff does not need an attorney to file a lawsuit in federal court. *See Baldwin Cty. Welcome Ctr.*, 466 U.S. at 152; *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (stating in an age discrimination case that "[n]either . . . a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period" is grounds for equitable tolling); *Ugbo v. Knowles*, 480 F. Supp. 2d 850, 853 (E.D. Va. 2007). Certainly, the nine-year period of delay before filing this case cannot be justified by efforts to retain counsel. Finally, Deabreu does not allege any misconduct by either UPS or the EEOC that misled him into missing the deadline. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Court finds no basis for equitable tolling.

In a similar case, the United States Court of Appeals for the Sixth Circuit did not excuse the untimely filing of an employment discrimination case even though the plaintiff claimed not to have received the right-to-sue letter but acknowledged that she received actual notice one year before she filed the case. *See Cook v. Providence Hosp.*, 820 F.2d 176, 179-80 (6th Cir. 1987). Here, where Deabreu took no action in his case for over seven years and then, once undisputedly notified of the previous issuance of a right-to-sue letter, waited 22 months to file his case, the Court will dismiss the case as untimely and not deserving of equitable tolling. The Court therefore need not address the other arguments raised in UPS's Motion.

## CONCLUSION

For the foregoing reasons, UPS's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment will be GRANTED. A separate Order shall issue.

Date: December 3, 2018

THEODORE D. CHUANG
United States District Judge